## CHANGOS et ux. v. BULATT.
### No. 2941.

Court of Civil Appeals of Texas. Beaumont.
Nov. 29, 1935.

Rehearing Denied Dec. 11, 1935.

B. C. Johnson, of Houston, Xavier Christ, of Port Arthur, and D. E. O'Fiel, of Beaumont, for appellants.

Fred A. White and A. P. Rouly, both of Port Arthur, for appellee.

WALKER, Chief Justice.

This appeal is from an order made in chambers in the lower court refusing to dissolve, but modifying in certain respects, a temporary injunction granted appellee, Mitchell Bulatt, against appellants, George N. Changos and wife, Lena Changos. For cause of action, appellee alleged that he had turned over to appellants, to be checked out on their joint check, the sum of $8,000, to be used and invested under the terms of a written contract, whereby appellants were to support appellee the balance of his life and, at his death, give him a decent burial, in consideration for which the balance of the $8,000 remaining at his death, with all investments made from the $8,000, should belong to appellants. It was further alleged that appellants, in violation of their agreement, had taken most of the $8,000 and invested it in discharging a lien against their homestead and in making improvements on their homestead lot, leaving appellee without any protection for his money, and that

they had made other investments and disposed of other parts of the money in violation of their written contract. The purpose of the suit was to establish a lien in appellee's favor against the real estate in which his money had been invested, with the following additional prayer:

"And compelling said defendants to redeposit in the First National Bank of Port Arthur, Texas, in a joint account of the plaintiff and defendant, George N. Changos, all sums of money now in their possession belonging to this plaintiff and such other sums of money as are the equivalent to the amount of this plaintiff's money expended by the defendants in the violation of the terms of said contract; that the revenues of addition to real property and the revenues or profits derived from such investment made by defendants with plaintiff's money as may be declared a mutual investment be deposited in joint account of plaintiff and defendant, George N. Changos, in said First National Bank of Port Arthur, Texas, and that said George N. Changos and Lena Changos be ordered to file an accounting under oath in this court showing how said money has been expended; that this plaintiff recovers all costs, including attorney's fees, in his behalf expended and the defendants and each of them be enjoined and restrained temporarily from expending or disposing any sums of money in their possession belonging to this plaintiff, from selling or disposing of real property or any other real property or personal property of whatever nature or kind, and that The First National Bank of Port Arthur, Texas, be enjoined and restrained from paying out to the defendants any sums of money owned by them on deposit and/or in safety deposit box, in said bank until further orders of this court and that on final hearing herein such injunction be made perpetual."

On presentation of the petition to the judge of the Sixtieth judicial district court in Jefferson county, an order was made granting the temporary injunction in all things as prayed for. By their answer and motion to dissolve, appellants contested the allegations of appellee's petition and filed with their answer and motion to dissolve the following sworn account of the trust fund:

"To the Honorable Judge of Said Court: Comes now George N. Changos, defendant in the above entitled and numbered cause and in complying with an order of this

Honorable Court files this his account showing the manner said money was spent with the consent and at the direction of said plaintiff, Mitchell Bulatt:

Taxes on homestead for the different items shown:

| | |
|---|---|
| City Taxes ...................................... $ | 77.11 |
| State and County Taxes..................... | 28.00 |
| Port Arthur Independent School District.... | 6.57 |
| PPA. Independent School Taxes............. | 23.63 |
| HOLC Note on Homestead.................... | 4,109.71 |
| Mitchell Bulatt for shoes.......:........... | 4.00 |
| Wm. Baumgtets repapering house........... | 40.00 |
| Bill of sale for disposing of old building.... | 1.50 |
| S. O. Latimer for insurance on H.S......... | 28.93 |
| P. A. Planing Mill for doors................. | 36.63 |
| Builders Lumber Company for paper....... | 35.00 |
| Martin Lumber Company...................... | 47.00 |
| J. W. Garcia—Apartment House............. | 2,081.40 |
| S. O. Latimer, Ins. Apt. House.............. | 27.00 |
| S. O. Latimer, Insurance..................... | 10.00 |
| J. W. Garcia, repair on homestead.......... | 16.65 |
| M. S. Warren for gutters Apt. House....... | 10.00 |
| Sidney Smith—Paper Hanging............... | 110.00 |
| Furnishing for home of plaintiff............. | 50.00 |
| J. A. Landry, Cabinet in Apt. House....... | 23.00 |
| Material for cabinet.......................... | 12.50 |
| Mitchell Bulatt for att's fees................ | 200.00 |
| George Changos personal use................ | 500.00 |
| Irvine Furniture Company for rugs.......... | 34.00 |
| Scott Furniture Company..................... | 5.00 |
| | |
| Total ...................................... | $7,517.68 |

"The above is a true and correct account,
                "George N. Changos
"Sworn to and subscribed before me this the 16th day of July, A. D. 1935.
"[Seal]     A. A. DeLee,
                "Notary Public in and for
                Jefferson County, Texas."

On the motion to dissolve, no proof was heard by the judge in support of the allegations of appellee's petition, nor in support of the allegations of appellants' answer. The judge overruled the motion to dissolve with the following order:

"Mitchell Bulatt v. George N. Changos, et al.

"No. 45877

"In the District Court of Jefferson County, Texas, 60th Judicial District of Texas

"Be it Remembered, that on the 17th day of July, A. D. 1935, in the above entitled and numbered cause, the following order was made and entered, which in words and figures is as follows, to-wit:

" 'Be it Remembered that on a hearing of the above styled and numbered cause in the nature of a motion to dissolve and modify the temporary restraining order heretofore rendered on July 1, 1935 in this cause, and after hearing the pleadings and the argument of counsel, the court is of the opinion that the temporary restraining order granted herein should be continued in full force and effect until a hearing of this cause upon the merits, with the following modification, to-wit:

"The First National Bank of Port Arthur, Texas, is permitted to allow George N. Changos and Lena Changos to withdraw from their safety deposit box all of their private papers, save and except cash, stocks and bonds, negotiable instruments and securities, and said George N. Changos and Lena Changos are hereby permitted to withdraw all such papers, private effects and documents of theirs that may be in their safety deposit box in said First National Bank, except cash, stocks and bonds, negotiable instruments and securities, such withdrawal to be made in the presence of an officer or agent of said bank and in the presence of counsel for plaintiff, Fred A. White and Alex P. Rouly, or either of them, and counsel for defendants, B. C. Johnson and Xavier Christ, or either of them.

"This order made and entered in open court on this the 17th day of July, 1935.

                "R. L. Murray, Judge Sixtieth Judicial District Court."

### Opinion.

The effect of the order appealed from was to impound and withhold from possession of appellants certain of their personal property in which appellee can have no trust interest. The order appealed from has legal justification in so far as it restrains appellants from disposing of or encumbering in any way the real estate described in their petition, and which was improved and cleared of liens by the trust fund. By their sworn answer appellants have made an exhibit of the disposition made by them of $7,517.68 of the original $8,000; the balance of appellee's money is on deposit in the First National Bank of Port Arthur subject to check under the terms of the original contract. The temporary injunction granted by the lower court is hereby modified so as to release from the terms of the injunction all of appellants' property except the real estate above described; in so far as the temporary injunction affects this real estate, the order appealed from is affirmed.

Reformed and affirmed.